Magdalena Belinski v. National Brewing Company et al.

1. LACHES—*Not to be Imputed to a Person in Possession of Property in Ignorance that She Has Executed a Warranty Deed to It.*—Laches can not be imputed to a party who, in ignorance of the fact that she had executed a warranty deed to it, had been in possession of real property until dispossessed by the defendant, when she at once took steps to avoid the deed.

Bill to Set Aside a Conveyance.—Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed October 9, 1903.

The Superior Court sustained a demurrer to a bill of complaint filed by plaintiff in error, whereupon the complainant elected to stand by the bill as amended, and it was therefore dismissed.

Without stating in full the allegations of the bill it

appears therefrom that complainant was the owner of certain property therein described; that she could not read, write or understand the English language; that her husband, a saloon-keeper, had bought beer of the National Brewing Company; that the premises were incumbered by a mortgage to a building and loan association; that her husband, who could not read English and could only speak and understand it very imperfectly, told the complainant that the brewing company would take up the incumbrance, pay the assessment on the property and take a mortgage to secure it for the money paid to the loan association; that accordingly she executed a paper which she was told was a mortgage, but which she now understands was a warranty deed, bearing date July 12, 1894, conveying the premises to the brewing company; that the said deed was obtained by fraud and without consideration; that complainant was not indebted to the brewing company; that she did not sell or intend to sell or convey said premises, and that the same were fully worth more than double the incumbrance on them of not to exceed $4,350. It is charged also that the brewing company was not authorized under its charter to make purchase of that realty.

The deed was executed July 12, 1894, and it is charged that as soon as complainant ascertained that she had executed a deed, instead of a mortgage as she had supposed, she immediately employed counsel and filed her bill of complaint in the Circuit Court, January 26, 1898, having meantime been in continuous possession of the premises, making improvements and repairs, until June, 1898, when she was dispossessed by defendants.

It is further stated that the cause was referred to a master; that testimony was taken; that complainant paid for master's fees and taking such testimony $102.25, but on account of being impoverished by litigation and having been dispossessed of her said property, was unable to pay the balance demanded by the master, and that thereupon, on defendants' motion, she was ruled to pay the master's fees within fifteen days, in default of payment the cause to

Belinski v. National Brewing Co.

be dismissed; that she was unable to comply with the order of the Circuit Court, and her motion for leave to prosecute further as a poor person having been denied by said court, the cause was dismissed February 14, 1902, and four days thereafter—February 18, 1902—she refiled her said bill of complaint in the Superior Court as a poor person.

F. W. JAROS, attorney for plaintiff in error.

WINSTON, BABCOCK, STRAWN & SHAW, attorneys for defendants in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is insisted on the part of the defendants in error that in the entry of the decree sustaining their demurrer to the bill of complaint no error was committed, in that, as they contend laches appears on the face of the bill; that the delay of complainant in filing her bill is of such a character as to preclude recovery in a court of equity. We are unable to agree with this contention. It appears that during all the time which elapsed between the execution of the deed charged to have been fraudulently obtained, and the filing of the bill, complainant was not only ignorant of the fact that she had executed such a deed, but was also in undisturbed possession of the premises. It is said in Hall v. P. & E. Ry. Co., 143 Ill. 163–171 :

" Laches can not be imputed to a party who is in possession of the property in dispute under a contract for a deed, as the railroad company was in this case. There was no necessity for bringing a bill for relief until the appellant created the necessity by bringing an action to recover the possession of the property."

The principle thus stated is applicable in the present case. For the purposes of the demurrer, statements of fact properly pleaded are admitted by the defendants to be true, and there was no laches in failing to question by bill for relief the validity of a deed of which complainant had no knowledge, which purported to convey premises of which she was in undisputed possession until defendants in error

created such a necessity by attempting to assert their alleged title under said deed.. Nothing appears on the face of the bill from which any presumption arises that the brewing company has been inequitably or unjustly prejudiced by the delay in bringing suit to set aside the alleged deed, and as to the other defendants they are to be deemed charged with notice of any just claims of the occupants of the premises. There has been in this case no acquiescence on the part of complainant in the assertion of any adverse right by the defendants, and no sleeping upon rights which ought to have been asserted at the earliest practical moment after discovery of the fraud. It appears that at once on making such discovery, plaintiff in error took steps to avoid the deed to premises of which she had up to about that time been in undisputed possession.

It is urged that complainant should' have appealed or sued out a writ of error from the order of the Circuit Court dismissing her original bill, instead of refiling her bill in the Superior Court as a poor person. But in this it does not so far appear that defendants were in any way prejudiced. They were fully advised of her contention, and so far as appears complainant was not to blame for the dismissal of her original bill. Practically the litigation continued without interruption. If the parties are desirous of reaching a determination of the suit upon the merits, and to save expenses, doubtless a way may be found by agreement of making use of the testimony taken under the former bill. At all events we are of opinion that the demurrer was erroneously sustained, and the decree dismissing the bill must therefore be reversed and the cause remanded.